L. W. ACKLEY AND WIFE v. ENOS C. FISH, JR.

*Married Woman.   Rents.   Issues of her Real Estate when not Attachable.*

1. A husband built a house on a village lot owned by his wife ; the house and lot were exchanged for a farm ; the farm was sold, and the proceeds used in part payment for another farm. The title of the three pieces of land was in the name of the wife.   The farm was [carried on in her name, and he had no interest in it, except that growing out of his marital relation. *Held,* that the hay cut on the last farm was not attachable on a debt due from the husband for material's used in building the house ; and that the statute, R. L. s. 2324, limits the right to attach the products of the wife's real estate to the products of such of her estate as has been improved by the expenditure of money or material furnished.

2. R. L. s. 2324, products of wife's real estate, when attachable,—construed.

REPLEVIN for twenty tons of hay.   Plea, general issue and notice.   Trial by court, March Term, 1881, VEAZEY, J., presiding.   Judgment for the plaintiffs.   The defendant was a sheriff, and levied an execution upon this hay, issued upon a judgment rendered July 14th, 1879, in favor of M. & O. H. Edson, against said L. W. Ackley alone, and for his sole debt.   It appeared that in 1874 the said Ackley's wife owned a house lot in Rutland ; that he built a house on the lot in the winter of 1874–5 ; that the debt on which the judgment was based was for a small amount of material worth about $27, which the said Edsons sold and delivered to said Ackley, on his own credit (he then being in good credit), but to be used in building said house, and which he put into the building of the house ; that the house and lot were exchanged for a farm ; that this farm was sold, and the proceeds used in part payment for another farm ; that the hay was cut on this last farm ; that the title of the three pieces of real estate was in the wife's name ; that this farm was carried on in her name, and said Ackley had no interest in it or any of the property on it, except that growing out of his being the husband of his wife. This suit was brought for her benefit.

*Redington & Butler*, for the defendant.

The annual products of the real estate of a married woman are certainly liable to attachment for the sole debt of the husband, for labor or materials furnished for the improvement of that particular real estate improved ; and she cannot escape the liability of the annual products (for such debt) of real estate into which the improvements went, purchased with and substituted for the real estate upon which, the materials were used ; for it is in effect the same real estate.

The legislature intended it should be construed equitably, and the equity is in favor of such a construction. *Priest, Barber & Co.* v. *Cone,* 51 Vt. 495 ; 26 Vt. 741 ; 17 Vt. 741 ; 32 Vt. 265 ; 33 Vt. 457.

*J. C. Baker*, for the plaintiffs, cited *Webster* v. *Hildreth*, 33 Vt. 457 ; *Dale* v. *Robinson*, 51 Vt. 20 ; *Corning* v. *Lewis*, 54 Bab. 51 ; 32 Vt. 260 ; R. L. s. 2324 ; 15 Pet. 158 ; and argued substantially as the court hold.

The opinion of the court was delivered by

ROYCE, Ch. J. The defendant justified the taking of the hay replevied as deputy sheriff upon an execution in favor of M. & O. H. Edson, and against the plaintiff L. W. Ackley alone, and for his sole debt. His right to levy upon the hay to satisfy said execution depends upon the construction to be given to s. 2324, R. L. The hay, being the product of the real estate of the wife, it was exempt from the levy unless the debt evidenced by the execution was for labor or materials so furnished as to render it subject to said levy.

The material which was the consideration for the debt was not used for the improvement of the real estate upon which the hay was produced. The statute, after exempting generally the products of the real estate of a married woman from attachment or levy of execution, provides that such products may be attached or levied upon for labor or materials furnished upon or for the cultivation or improvement of *such* real estate. It is claimed

that, it appearing that the material furnished by the execution creditor was used for the improvement of real estate which the wife once owned and which was sold and the proceeds invested in the farm upon which the hay in question was produced, it comes within the above proviso. Whether it does or not depends upon the construction that should be given to the word *such*, as it is used in said proviso. Does it refer to any real estate that may have been owned by the wife ? or, is it limited to the real estate upon which the improvements have been made ?

Section 15 of chap. 1, R. L. in prescribing the construction to be given to statutes, provides that the words, *said* and *such*, when used by way of reference to a person or thing, shall apply to the same person or thing last mentioned. If the word *said* had been used instead of *such*, there could be no doubt but what it would refer to the estate upon which the improvements were made. One of the definitions given to the word *such* is "same"; and that is the definition that must be given to it as it is used in the proviso to the statute. The use of the words, "the same," as the equivalent of "such," limits the right to attach or levy upon the products of the real estate of the wife to products of such of her estate as has been improved by the expenditure of money or material furnished, and is decisive against the right of the defendant to, levy upon the hay replevied.

The judgment is affirmed.